## IN COLUMBIA SUPERIOR COURT.

## Administrators of MAGRUDER *vs.* The Administrators of OFFUTT.

### *Rule nisi for Foreclosure.*

IN this case certain persons who represent themselves to be the heirs at law of Jesse Offutt, moved to be made parties, and to have leave to defend their rights to the estate of their deceased father. It is urged in support of this motion that the proceeding upon the foreclosure of mortgages of real estate under our statute of 1799, is a proceeding *in rem*, and that all persons having interest in the mortgaged premises have a right to come in and have their rights litigated. If the proceeding be indeed *in rem*, which is a proceeding known only to the civil law, then not only the heirs at law but every other person any way interested in the premises would have a right to be heard and have their claims investigated ; and the proceeding under the statute which was intended to be plain and simple, would become the most intricate and complex of any known to the law. But the words of the statute will not, it is believed, warrant such a construction. The rule *nisi* is that the principal, interest and cost due on the mortgage be paid into court. Who is called on to make this payment ? Not all the world, but the mortgager. On whom is the notice to be served ? Not on all the world, but on the mortgager or his special agent. In the event of a dispute as to the amount due on the mortgage, who is to appear and make the objection on that account ? The mortgager. But it is said the generality of the notice by publication of the rule was designed to apprise all the world of the proceeding, and that it would be absurd to require such general notice when but one individual or his legal representatives could take any advantage of it. The answer is, that such publication is not necessary, but will be allowed to supply the place of a personal service. It is contended further, that if the proceeding be considered *in personam*, the heirs at law should be made parties, because, on the death of their ancestor, the mortgager, they have the right to redeem, and the legal estate descending to them, subject to the incumbrance of the mortgage, they have a right to contest the claim asserted by the incumbrancer, the mortgagee. This question depends

The executor or administrator in the event of the mortgagor's death before foreclosure is the proper party, and not his heirs.

And the principle is the same, under our law, whether the subject of the mortgage be real estate, or personal property ; the heirs cannot be joined as defendants in the foreclosure.

COLUMBIA.

Adm'rs. of
MAGRUDER
*v.*
'Adm'rs. of
OFFUTT.

on the construction to be given to our acts regulating the descent and distribution of estates. It is declared in the act of 23d Dec. 1789, "that real and personal estate shall always be considered, in respect to distribution, as being precisely on the same footing." By this act, estates real and personal are placed on the same footing in respect to distribution. The act of 12th Dec. 1804, is more general in its terms. The words are, "when any person holding real or personal estate shall depart this life intestate, the said estate real and personal shall be considered as altogether of the same nature and upon the same footing." This act makes no exception, whether for distribution or other purposes, but declares that they shall be altogether of the same nature and on the same footing. There can, then, it seems, be no doubt as to their perfect equality in every legal sense. Did the legislature intend by this act to elevate personal estate to an equality with real estate, or to bring down real estate to a level with personal property ; that is to say, did they intend the estates thus of the same nature and on the same footing, to pass to the heirs at law or to the legal representatives, viz. the executor and administrator? This may be ascertained by a reference to other acts in *pari materia,* and by considering the words and intention of the acts already cited. The act of 1789, puts real and personal estate on the same footing in respect to distribution. Previous to this act, what kind of estates was the subject of distribution ? It was personal. Into whose hands did they pass for the purpose of distribution ? Into those of the legal representatives, the executor or administrator. If then both estates be alike subject to distribution, and the executor or administrator alone has the power of distributing estates, it seems to be a necessary consequence that they both pass alike into the hands of those by whom distribution is required to be made. Accordingly we find executors and administrators authorized by the act of 16th Dec. 1811, re-enacted on the 18th Dec. 1816, to sell and convey title for the whole or any part of the real estates of their testators or intestates whenever it will be for the benefit of the heirs or creditors of the estates they represent. Now it is unreasonable to suppose the legislature would make laws authorizing executors and administrators to sell and convey title to lands unless they had legally the possession of such lands, and title to convey. And it is equally as unreasonable to suppose executors and administrators vested with the higher power of aliening real estate and not possessed also of the subordinate power necessary for the management and protection of the estate for the interest of the creditors and distributees until a sale or distribution take place. The law having thus given to executors and administrators this power, has at the same time imposed on them the duty of faithfully exercising it. They are therefore held as answerable for the rents and profits of real estate and

for its waste and mismanagement as of personal property. The proceedings then to foreclose under our law being against the person mortgaging, and not against the thing mortgaged, the mortgager or person legally representing the mortgaged property must be the necessary and proper parties.

The motion is overruled.